UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WINTHROP HOUSE ASS'N, INC.    :
                              :
     v.                       :    CIVIL NO. 3:00CV328(AHN)
                              :
BROOKSIDE ELM                 :
LIMITED PARTNERS, ET AL.      :


RULING AND ORDER

On June 29, 2001, this case was referred to a magistrate judge for a recommendation on a single narrow issue: "Did the Declarant properly exclude the implied warranties and/or express warranties?"  On December 29, 2003, the magistrate judge reported that the declarant, Brookside Elm Limited Partners ("Declarant") (1) sufficiently disclaimed implied warranties under the Connecticut Common Interest Ownership Act ("CIOA") and (2) could not disclaim express warranties under the CIOA.  She also concluded that the plaintiff, Winthrop House Association ("Association") did not have standing under the New Home Warranty Act ("NHWA") and thus did not consider whether warranties were effectively disclaimed under that statute.  The Association objects to the magistrate judge's findings that CIOA implied warranties were effectively disclaimed and that it does not have standing under the NHWA.  For the following reasons, the court sustains the Association's objections to those findings.

FACTUAL AND PROCEDURAL BACKGROUND

This action involves the conversion of Winthrop House, a six-story apartment building located in Greenwich, Connecticut, to a residential condominium complex containing forty-seven units.  Winthrop House was built in 1938 and originally contained fifty-three apartments.  In 1993, the Declarant purchased Winthrop House to renovate and convert to a condominium. Renovations began on the building in 1994.  In 1995, the Declarant converted the building into a common interest community under the CIOA and in connection therewith prepared a Public Offering Statement ("POS").  Every prospective purchaser of a unit was given a copy of the POS.  Prospective purchasers who were residents of New York state were also given a copy of the New York Supplement ("N.Y. Supplement") to the POS.  Everyone who received a copy of the POS and the N.Y. Supplement signed a document acknowledging that he or she reviewed it and agreed to its terms.  Forty-five of the forty-seven units had been sold by the time the original complaint was filed in this action.

The Association, on behalf of the forty-five original purchasers and all subsequent unit owners, instituted this action in May 2000, alleging a civil RICO violation and pendent statutory and common law claims under Connecticut and New York law.  In the complaint, the Association alleges, inter alia, that at the time the units and common elements were conveyed, there were numerous defects and structural problems with the building

-2-

and its components, including the exterior facade, the roof, the HVAC system and the elevator, as well as many building and fire code violations.  It claims, <u>inter alia</u>, that those defects and violations breached express and implied warranties under the two Connecticut statutes that govern warranties for condominium conversions, the CIOA, Conn. Gen. Stat. §§ 47-200 <u>et seq</u>., and the NHWA, Conn. Gen. Stat. §§ 46-116 <u>et seq</u>.

After the complaint was filed, the parties agreed to submit the Association's claims to mediation.  During the course of the mediation it became apparent that advice on the issue of whether express and/or implied statutory warranties had been excluded would help move the mediation forward.  The parties turned to the court for advice on this issue and the court referred the matter to the magistrate judge for consideration of the narrow legal issue of whether the Declarant properly excluded express and/or implied warranties.  To determine that question, the parties stipulated that the relevant documents were the POS, the N.Y. Supplement, the Purchase Agreement, and the Limited Warranty Administration Program.

<u>STANDARD OF REVIEW</u>

Pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639, the district court is not bound by the opinion or recommendations of a magistrate judge on a dispositive matter referred pursuant to 28 U.S.C. § 636(b).  If a party timely objects to all or part of the magistrate judge's recommendations,

-3-

the district court makes a de novo determination of those
portions of the report.  See 28 U.S.C. § 636(b)(1).  Regardless
of whether objections are made, the district judge may accept,
reject, or modify, in whole or in part, the magistrate judge's
findings and recommendations.  See id.

## DISCUSSION

The CIOA, which is modeled on the Uniform Common Interest
Ownership Act, was enacted in 1984 to provide "prospective unit
owners and unit owners' associations with consumer protection
rights such as disclosure and warranty rights."  Willow Spring
Condo. Ass'n, Inc. v. Seventy BRT Dev. Corp., 245 Conn. 1, 4 n.1
(1998) (citing Conn. J. Standing Comm. Hearings, Judiciary, Pt.
6, 1983 Sess., pp. 1821-23).  The CIOA governs the rights and
obligations of parties regarding the financing, construction,
organization, sale, and management of common interest
communities.  See id.

The NHWA governs warranties in connection with the sale of
newly constructed dwellings and "any conversion condominium unit
. . . and any fixture or structure which is made a part thereof
at the time of . . . conversion."  Conn. Gen. Stat. § 47-116.

The CIOA and the NHWA are remedial, consumer protection
statutes that must be liberally construed in favor of purchasers
and strictly against sellers.  See Linden Condo. Ass'n v.
McKenna, 248 Conn. 575, 592-93 (1999).  Indeed, with specific
regard to the CIOA, the Connecticut Supreme Court has required

-4-

strict compliance with the Act's technical details.  See Hall
Manor Owners Ass'n v. City of West Haven, 212 Conn. 174, 153-54
(1989).  Based on these general principles, the provisions of the
NHWA and the CIOA, and case law interpreting these statutes, the
court concludes that the Declarant's warranty disclaimers do not
satisfy the strict requirements of the CIOA and the NHWA.  In
addition, the court concludes that the Association has standing
under the NHWA to sue in a representative capacity on behalf of
at least two or more unit owners.

I.   The Association's Standing

     Pursuant to the CIOA, a condominium association is given the
power to institute litigation "in its own name on behalf of
itself or two or more unit owners on matters affecting the common
interest community."  Conn. Gen. Stat. § 47-244(a)(4).  This
statutory grant of authority to a condominium association is not
limited to actions under the CIOA.  Cf. Candlewood Landing Condo.
Ass'n v. Town of New Milford, 44 Conn. App. 107, 111 (1997)
(holding that a condominium association has standing to bring a
tax appeal on behalf of unit owners even though the statute
governing tax appeals does not expressly so provide because § 47-
244(a)(4) authorizes an association to act in a representative
capacity without exception or limitation); see Caswell Cove
Condo. Ass'n, Inc. v. Milford Partners, Inc., 58 Conn. App. 217
(2000) (holding that a condominium association has standing to
institute an action to quiet title).  As the appellate court

-5-

noted in <u>Candlewood Landing</u>, to hold that an association does not
have standing to act in litigation in a representative capacity
in matters affecting the condominium community would amount to
"judicial legislation" amending § 47-244(a)(4) "by adding a
clause to the effect that, except for litigation pertaining to
tax appeals, a condominium association may act in litigation and
administrative proceedings." <u>Id.</u> Likewise, if the court were to
adopt the magistrate judge's conclusion, it too would engage in
judicial legislation amending the CIOA to provide that, except
for claims under the NHWA, a condominium association may act in
litigation on behalf of unit owners. <u>See</u> <u>id.</u>; <u>cf.</u> <u>Willow Springs
Condo. Ass'n</u>, 245 Conn. at 1 (upholding award of damages to
condominium association for breach of express and implied
warranties under the CIOA and NHWA without questioning the
Association's standing under the NHWA).

Accordingly, the Association's objections to the magistrate
judge's conclusion that it does not have standing under the NHWA
is sustained, and this court will consider de novo whether the
warranty disclaimers satisfy the provisions of the NHWA.

II. <u>Warranty Disclaimer Provisions of the NHWA and the CIOA</u>

The NHWA has strict requirements for disclaiming express and
implied warranties. Specifically, NHWA warranties cannot be
excluded or modified in a contract of sale. They may only be
excluded or modified after a contract of sale is executed and
must be contained in a separate written instrument that is signed

-6-

by the purchaser and  that (1) sets forth in detail the warranty

to be excluded or modified, (2) the purchaser's consent to such

exclusion or modification, and (3) the terms of the new

agreement.  See Conn. Gen. Stat. § 47-117(c) (express

warranties);[1] Conn. Gen. Stat. § 47-118(d) (implied warranties);[2]

see also Beucler v. Lloyd, 83 Conn. App. 731, 737 (2004), cert.

dismissed, 273 Conn. 475 (2005); Cafro v. Brophy, 62 Conn. App.

113, 123 (2001).  Indeed, as the Connecticut Appellate Court

recently noted, "[t]he plain language of both §§ 47-117 and 47-

118 expressly provides that no words in the contract of sale

shall work to exclude or to modify any warranties created under

---

[1]Section 47-117(c) provides:
> No words in the contract of sale or the deed shall
> exclude or modify any express warranty made pursuant to
> subsection (a) of this section.  Such warranty may, at
> any time after the execution of the contract of sale be
> excluded or modified wholly or partially by any written
> instrument, signed by the purchaser, setting forth in
> detail the warranty to be excluded or modified, the
> consent of the purchaser to such exclusion or
> modification and the terms of the new agreement.

[2]Section 47-118(d) provides:
> Neither words in the contract of sale,
> nor the deed, nor merger of the contract of
> sale into the deed is effective to exclude or
> modify any implied warranty; provided, if the
> contract of sale pertains to an improvement
> then completed, an implied warranty may be
> excluded or modified wholly or partially by a written
> instrument, signed by the purchaser, setting forth in
> detail the warranty to be excluded or modified, the
> consent of the purchaser to exclusion or
> modification, and the terms of the new
> agreement with respect to it.

the statutes unless there is a <u>separate</u> agreement on the
exclusion or modification." <u>Beucler</u>, 83 Conn. App. at 737
(emphasis in original). Further, a general statement that all
warranties are excluded is not sufficient to disclaim NHWA
warranties because such language tells the buyer absolutely
nothing about the warranties being excluded. See <u>Cafro v.</u>
<u>Brophy</u>, 62 Conn. App. at 123 (commenting that a general
disclaimer that "buyer accepts home without any warranty express
or implied . . . except for a [one-year warranty of the
structural integrity of the residence and the operation of major
mechanical systems] falls so far short of complying with the
disclaimer provision of the statute that it warrants no further
discussion.")

        Like the NHWA, the CIOA also has specific requirements for
disclaiming or modifying implied warranties.[3] Specifically, with

---

        [3]Implied warranties under § 47-276 may be excluded or
modified as follows:.
                (a) Except as limited by subsection (b) of
                this section with respect to a purchaser of a
                unit that may be used for residential use,
                implied warranties of quality: (1) May be
                excluded or modified by agreement of the
                parties; and (2) are excluded by expression
                of disclaimer, such as "as is", "with all
                faults", or other language that in common
                understanding calls the purchaser's attention
                to the exclusion of warranties.
                (b) With respect to a purchaser of a unit
                that may be occupied for residential use, no
                general disclaimer of implied warranties of
                quality is effective, but a declarant may
                disclaim liability in an instrument signed by
                the purchaser for a specified defect or class

                                -8-

respect to residential condominiums, no general disclaimer of
implied warranties is effective.  Disclaimers of implied
warranties are only effective if they are contained in an
instrument, signed by the purchaser, for a specific defect,
class of defects or specified failure to comply with applicable
law.  See Conn. Gen. Stat. § 47-276(b).  The CIOA expressly
provides that if the condominium is for residential use, implied
warranties may not be excluded or modified by agreement of the
parties, nor can they be excluded by expressions such as "as is",
"with all faults", or other general language.  See Conn. Gen.
Stat. § 47-276(a).

According to a comment to the Uniform Common Interest
Ownership Act ("UCIOA"), which was adopted in Connecticut as the
CIOA, the requirement that the disclaimer of each specific defect
or specified failure to comply with applicable law be in an
instrument signed by the purchaser "is designed to insure that
the declarant sufficiently calls each defect or failure to the
purchaser's attention and that the purchaser has the opportunity
to consider the effect of the particular defect or failure upon
the bargain of the parties."  See UCIOA, § 4-115 cmt. 4.  The
Comment further explains that the Act's strict disclaimer

of defects or specified failure to comply
with applicable law, if the defect or failure
entered into and became a part of the basis
of the bargain.

-9-

requirements "impose a special burden upon the declarant who
desires to make a 'laundry list' of defects or failures by
requiring him to emphasize each item on such a list and make its
import clear to prospective purchasers." Id.  For example, "the
declarant of a conversion common interest community might,
consistent with [§ 47-276], disclaim certain warranties for 'all
electrical wiring and fixtures in the building, the furnace, all
materials comprising or supporting the roof, and all components
of the air conditioning system.'" Id.

There is no provision in the CIOA that provides for the
exclusion or modification of express warranties created by Conn.
Gen. Stat. § 47-274.

III. Exclusion of Warranties By the Declarant

The magistrate judge concluded that the Declarant sustained
its heavy burden of proving that it effectively and properly
disclaimed any implied warranties under the CIOA.  She identified
provisions in the POS, the Architect/Engineering Report, the
Limited Warranty Administration Program, and the Purchase
Agreement that comply with the statutory requirements.  Contrary
to the magistrate judge's findings, this court concludes that
there is no document that complies with the very detailed
warranty disclaimer requirements of the CIOA and the NHWA.

A.  Disclaimers in the POS

The court finds that Paragraphs 2(c) and 10 of the POS do
not constitute valid NHWA and CIOA warranty disclaimers.

-10-

1.  Paragraph 2(c) of the POS provides:

(c) The Declarant has also begun to have repaired and
rehabilitated portions of the Common Elements.  . . .
All repair and rehabilitation work will be done
at the sole discretion of the Declarant.  The
Declarant makes no representation as to the specific
repair and rehabilitation work to be done or
as to the date of completion of any such
work. . . .   The Declarant discloses that there
is no schedule of such rehabilitation.

This paragraph does not operate as a warranty disclaimer

under the NHWA because it does not set forth in detail the

warranty that is being excluded, is not a separate, signed

document executed after the contract of sale, and does not set

forth the terms of the new agreement.  See §§ 47-117(c), 47-

118(d).  In fact, it does not tell the purchaser anything at all

about the warranties that are being disclaimed.

Likewise, this paragraph does not satisfy the CIOA's

requirements because of its general language and because it does

not identify any specific defect or class of defects or code

violation for which warranties are excluded.

2.  Paragraph 10A of the POS contains a verbatim

recitation of the provisions of Conn. Gen. Stat. § 47-274 (the

CIOA's provisions regarding the creation of express warranties of

quality), a verbatim recitation of Conn. Gen. Stat § 47-275 (the

CIOA's section governing the creation of implied warranties of

quality), and a verbatim recitation of Conn. Gen. Stat. § 47-276

(the CIOA's section pertaining to the exclusion or modification

of implied warranties of quality).  Paragraph 10B of the POS sets

forth a verbatim recitation of the provisions of the NHWA that

pertain to warranties: Conn. Gen. Stat. § 47-116 (definitions),

47-117 (express warranties), and § 47-118 (implied warranties).

Immediately following these statutory provisions, the POS

contains the following provision entitled "LIMITATIONS ON

WARRANTIES":

> PURSUANT TO SECTIONS 47-276(b) AND 47-118(d) OF THE
> CONNECTICUT GENERAL STATUTES, THE DECLARANT WILL INCLUDE IN
> ITS PURCHASE AGREEMENT THE FOLLOWING PARAGRAPHS WHICH
> PROVIDE THAT CERTAIN OF THE WARRANTIES DESCRIBED ABOVE ARE
> EXCLUDED:
> 1.  THE IMPLIED WARRANTIES OF SECTIONS 47-
> 275(b) AND 47-118(A) THAT THE IMPROVEMENTS
> ARE: (1) FREE FROM FAULTY AND/OR DEFECTIVE
> MATERIALS, (2) CONSTRUCTED IN ACCORDANCE WITH
> APPLICABLE LAW AND ACCORDING TO SOUND
> ENGINEERING AND CONSTRUCTION STANDARDS, (3)
> CONSTRUCTED IN A WORKMANLIKE MANNER, AND (4)
> FIT FOR HABITATION ARE EXCLUDED TO THE EXTENT
> THE IMPROVEMENTS ARE COMPLETED AS OF THE DATE
> OF THE PURCHASE AGREEMENT. SPECIFICALLY, THE
> DECLARANT MAKES NO REPRESENTATION OR WARRANTY
> WHATSOEVER WITH RESPECT TO ANY STRUCTURAL
> COMPONENT OF THE BUILDING; THE EXTERIOR
> FACADE OF THE BUILDING; THE ROOF; THE BOILERS
> OR ANY OTHER PART OF THE HEATING SYSTEM; THE
> ELECTRICAL SYSTEM, THE HOT WATER SYSTEM, OR
> THE PLUMBING SYSTEM OR ANY PART OF ANY SUCH
> SYSTEMS; OR WITH RESPECT TO ANY KITCHEN
> CABINETS, CARPETING, TILING, WALLPAPER, PAINT
> OR OTHER SURFACE FINISHINGS OF ANY KIND,
> WOODWORK, BATHROOM FIXTURES, OR UTILITY
> FIXTURES OR OUTLETS.
> . . .
> 4.  THE PURCHASER ACKNOWLEDGES BY SIGNING THIS
> PURCHASE AGREEMENT THAT THE PURCHASER AGREES TO AND
> UNDERSTANDS THE AGREED TO AS PART OF THE BASIS OF THE
> PURCHASER'S BARGAIN IN PURCHASING THE UNIT.
> . . .
> NO ADDITIONAL EXPRESS OR IMPLIED WARRANTIES,
> UNLESS REQUIRED BY LAW, ARE MADE BY THE DECLARANT.

This portion of the POS does not satisfy the strict

disclaimer requirements of either the NHWA or the CIOA.  These statutory warranties cannot be disclaimed by merely listing the various building systems and components for which no representation or warranty is given.  Because this provision does not specify each defect or class of defect (i.e., the leaks in the roof), or failure to comply with applicable law (i.e., that the sprinkler system violates the Greenwich fire code) for which no warranty is given, it is inoperative as a warranty disclaimer under the CIOA.  <u>See</u> § 47-276(b).  Moreover, the "laundry list" contained in this provision is not like the one approved in Comment 4 to the UCIOA because it does not emphasize each defect or failure that is not covered by any warranty and does not make clear to prospective purchasers the import or consequences of such warranty exclusion.  <u>See</u> UCIOA, § 4-115 cmt 4.  Unlike the example approved in the Comment, the Declarant's laundry list does not state that warranties were disclaimed for, i.e., "all electrical wiring" or "all materials comprising or supporting the roof."  Rather, the Declarant's laundry list states, in impermissibly general language, that, i.e., no warranties are given with respect to "the electrical system . . . or any part of such system" and "the roof."  Further, the Declarant's statement that it "makes no representation or warranty whatsoever with respect to any structural component of the building" is not sufficient because such general language is not permitted by § 47-276.

Although the language in this section of the POS arguably might comply with the NHWA's disclaimer requirements because the warranties being excluded are identified by name, it is not otherwise compliant because it does not provide any details of the warranties being excluded.  See §§ 47-117(c), 47-118(d).  It also does not satisfy the NHWA's other requirements because it is not in a separate agreement executed after the contract of sale, see Beucler, 83 Conn. App. at 737, and does not set forth the terms of the new agreement.

B.  Disclaimers in the Architect/Engineering Report

The court also finds that the Architect/Engineering Report dated December 28, 1994, prepared by Preiss/Breismeister, P.C., Architects, which was attached to the POS as Exhibit G, does not constitute a valid disclaimer of any implied or express warranty under either the NHWA or the CIOA.

This document sets forth 38 building components and for each component describes its condition, the approximate date of its installation or construction, its useful life, and its replacement cost.  It also contains the following language as a summary of the building's condition:

> The building is in generally good original condition. . . .
> Electrically, the entire building should be upgraded, as
> well as, [sic] the fire alarm and smoke systems.  There are
> a number of issues which do not meet current codes, many of
> which would be considered "grandfathered" and allowed to
> remain unchanged provided there are no renovations to these
> portions of the building.  There are certain life safety
> issues which may be required to be updated by code and by
> law (such as smoke detection).  There are other issues which

-14-

must be "repaired" such as the cracks, leaks, door
operation, etc.  Other repairs will be required very shortly
and should be made as a part of a preventative maintenance
program - reroofing, plumbing traps, etc.

It further states that it is "based upon observations of the
visible and apparent condition of the building and its major
components on the date of inspection" and warns that
"[t]here may be other hidden or partially hidden problems with
the building structure and/or systems."

Although this document describes the condition of the
building, identifies certain defects, and states that there were
code violations and in so doing gives purchasers notice of the
overall condition of the building and many of its patent defects,
"it is not knowledge of existing defects that is material, but
rather the awareness of the significant financial exposure a
buyer faces by reason of disclaimer." See Marina Cove Condo.
Ass'n v. Isabella Estates, 34 P.3d 870, 876 (Wash. Ct. App.
2001).  The fact that this document may have put purchasers on
notice of the building's condition and of its defects and
possible code violations does not put purchasers on notice that
any and all warranties that might cover those defects and code
violations were disclaimed by the Declarant.

The document also does not comply with the strict
requirements of the NHWA and the CIOA because it does not
identify the express or implied warranties that the Declarant is
excluding, see §§ 47-117(c), 47-118(d), or the specific defect or

-15-

class of defects or specific code violations which are not
covered by any implied warranty, <u>see</u> § 47-276(b), is not a post-
contract document signed by the purchaser, <u>see Beucler</u>, 83 Conn.
App. at 739, and does not set forth the terms of the new
agreement.  <u>See</u> §§ 47-117(c), 47-118(d).

    C.  <u>Limited Warranty Administration Program Disclaimer</u>

      The Limited Warranty Administration Program for Winthrop
House is also not a valid warranty disclaimer.  This document
consists of four "Warranty Work Request Forms" that unit owners
were to use to request warranty work at closing, 14 days after
closing, 60 days after closing and 1 year after closing.  Each
form states:

> Pursuant to the Warranty Program described in
> our Purchase Agreement and the Public
> Offering Statement, the terms of which (I)
> (We) hereby accept and agree to, (I) (We)
> request completion or repair of the following
> warranty items, without limiting our rights
> to submit subsequent requests under the
> Warranty Program.

    Each unit purchaser signed a blank warranty work request
form at closing and was given an opportunity to list any items
for which repair work was requested.

    While this is a post-contract of sale document that was
signed by purchasers, it does not constitute a valid warranty
disclaimer under either the CIOA or the NHWA because it does not
identify any specific defects or code violations that are not
covered by any warranty, <u>see</u> 44 47-276(b), and does not identify

the warranties that are excluded.  <u>See</u> §§ 47-117(c), 47-118(d).
It tells the purchaser absolutely nothing about the exclusion or
modification of express and implied warranties or the import or
consequences of such exclusion or modification.

    D.  <u>Disclaimers in the Purchase Agreement</u>

    The following provisions of the purchase agreement also do
not satisfy the statutory requirements for disclaiming
warranties:

    1.  Paragraph 12 - Limited Warranties - provides:

> Portions of the Unit, Common Elements and Limited
> Common Elements have already been completed.  Buyer has
> inspected those portions to the extent desired by Buyer
> and agrees to accept them "as is" in their existing
> condition subject to normal wear and tear between now
> and the time of closing.  Seller makes no warranties
> except those specifically required under [Sections 47-
> 274 to 47-277, if any] as more fully described in the
> Limited Warranty Administration program set forth in
> the Public Offering Statement at Exhibit H.

> All implied warranties are hereby disclaimed and
> excluded with respect to defects which exceed the
> specific standards of the Limited Warranty
> Administration program (the "Warranty Standards"), and
> Buyer consents to the exclusion of implied warranties
> exceeding said specific standards from whatever source.
> Buyer agrees that the price paid contemplates this
> exclusion.

    The general language in this section of the purchase
agreement stating that "[b]uyer agrees to accept [the completed
portions of the unit and common elements] "as is" and that "all
implied warranties are hereby disclaimed and excluded . . . and
Buyer consents to the exclusion . . . ," is not sufficient under
the NHWA because it does not set forth in detail the warranties

-17-

being excluded or the terms of the new agreement.  See §§ 47-
117(c), 47-118(d).  This general language does not tell the
purchaser anything about the warranties being excluded and does
not specify which implied warranties, i.e., the warranty of
habitability, the warranty that the building is constructed
according to sound engineering standards and in a workmanlike
manner, and the warranty that the building is free of faulty
materials, are excluded.  See id.  It is also insufficient
because it is contained in the contract of sale -- it is not a
separate, signed agreement that was executed after the contract
of sale.  See Beucler, 83 Conn. App. at 737.

        It is not a sufficient disclaimer of implied warranties
under the CIOA because of its general language and because it
does not identify the specific defects or code violations that
are not covered by any warranty.  See § 47-276.

        2.  Paragraph 17 - Important - states:

    Receipt of a copy of the Public Offering Statement for
    Winthrop House not later than the date set forth above is
    hereby acknowledged and Buyer understands that the Statement
    should be examined.
    . . .
    It shall be acknowledged that Buyer is relying on the
    disclosures, Descriptions and Representations made in the
    Public Offering Statement and this Agreement as the basis
    for this purchase, and not any representations, inferences
    or understandings not in these documents.

        This boilerplate language does not constitutes an effective
disclaimer of any warranty under either the NHWA or the CIOA.
Language disclaiming NHWA warranties is not effective if it is

-18-

contained in the contract of sale. See §§ 47-117(c), 47-118(d).
Moreover, there is nothing in this provision that identifies any
warranty that is being excluded. See id. It is not an effective
warranty disclaimer under the CIOA because of its general
language and because it does not identify a specific defect,
class of defect or code violation for which no warranty is
given.

       3. Paragraph 24 - Acknowledgments - provides:

> Buyer acknowledges that he has read this Agreement and that
> he understands its terms. Buyer further acknowledges
> that prior to the date hereof Buyer received a copy of the Public
> Offering Statement for Winthrop House. . . . This
> Agreement, together with any exhibits attached hereto or to
> the Public Offering Statement, contains the entire Agreement
> of the parties and no oral representations of statements, .
> . . shall be considered binding upon either of the parties.
> Except as otherwise specifically provided herein, this
> Agreement shall not be terminated, modified or waived except
> by a writing signed by both parties.

This paragraph of the Purchase Agreement also does not
constitutes a valid warranty disclaimer under either the NHWA or
the CIOA. It does not effectively disclaim warranties under the
NHWA because it is contained in the contract of sale, not in a
separate, signed, post-contract of sale agreement, and does not
set forth in detail the warranty being excluded. See §§ 47-
117(c), 47-118(d). It does not effectively disclaim warranties
under the CIOA because of its general language and because it
does not identify a specific defect, class of defect or code
violation for which warranties are excluded.

       In sum, not one of the provisions in these documents comply

-19-

with the strict disclaimer requirements of the NHWA and the CIOA.
With regard to the NHWA, there is no separate, post-contract
instrument, signed by the purchaser that sets forth the details
of the warranties being excluded, the terms of the new agreement
and the purchaser's consent.  See §§ 47-117(c), 47-118(d);
Beucler, 83 Conn. App. at 739.  Indeed, none of the language in
any of the documents show that the purchaser knowingly
relinquished his statutory warranty rights.  See Caifro, 62 Conn.
App. at 123 (citing Crawford w. Whittaker Constr., 772 S.W.2d
819, 822 (Mo. App. 1989) ("One asserting a disclaimer of the
warranties implied by public policy in a new home purchase must
establish that such protections were knowingly relinquished as a
result of a bargain in fact, i.e., an agreement reached through
discussion and negotiation, and boilerplate clauses in a form
contract alone do not establish these requirements.")).

     Neither the NHWA nor the CIOA can be read, as the Declarant
seems to argue, as permitting a valid warranty disclaimer to
consist of various provisions in separate documents that, when
added together or combined might contain the statutory
requirements, even if some or all of the documents containing the
various provisions incorporate by reference the other documents.
Construing the NHWA and the CIOA in such a manner is not
warranted by the clear and unambiguous language of these statutes
or the case law, which evidences a great deal of judicial
hostility toward warranty disclaimers in Connecticut as well as

in other states. <u>Accord</u> <u>Cafro</u>, 62 Conn. App. at 123 n.6 (citing cases); <u>see</u> <u>also</u> <u>e.g.</u>, <u>Starfish Condo. Ass'n v. Yorkridge Service Corp.</u>, 458 A.2d 805, 810 (Md. 1983) (requiring disclaimers to expressly name the warranty being excluded, i.e., "warranty of habitability"); <u>Pontiere v. James Dinert, Inc.</u>, 627 A.2d 1204, 1207 (Pa. Super. Ct. 1993) (holding that a builder/vendor may not exclude the implied warranty of habitability without using specific language designed to put the buyer on notice of the rights he is waiving); <u>Riverfront Lofts Condo. Owners Ass'n v. Milwaukee Riverfront Prop. Ltd. P'ship</u>, 236 F. Supp.2d 918 (E.D. Wisc. 2002) (noting the high standards court have set for disclaiming implied warranties).

Accordingly, the Association's objection to the magistrate judge's recommendations on the issue of warranty disclaimers is sustained.

IV.  <u>The Magistrate Judge's Other Recommendations</u>

In addition to the referred issue regarding the adequacy of the Declarant's warranty disclaimers, the magistrate judge expanded the scope of the referral by considering whether the POS complied with the CIOA, whether the Declarant made any express warranties, whether any express warranties were created by the building plans and specifications, whether subsequent unit purchasers had any warranty rights under the NHWA, whether the Association could enforce express warranties contained in an exhibit to the N.Y. Supplement, whether the Association had any

-21-

right to enforce warranties in a document referred to as the "Sorrow Rider II," and whether damages for breach of warranties that were made to some, but not all purchasers should be apportioned.  While the Association timely objected to many of the magistrate judge's recommendations on these issues, the court declines to address its objections.  Because these issues were beyond the scope of the referral, this court finds that the better approach is to decline to adopt the recommendations as to these issues in their entirety.  In so  doing, the magistrate judge's recommendations will not have the force of law.  <u>See</u> <u>Continental Cas. Co. v. Dominick D'Andrea, Inc.</u>, 150 F.3d 245, 249 (3d Cir. 1998) (noting that a magistrate judge's opinion on dispositive issues is only a recommendation and does not have the force of law unless and until the district court enters an order accepting it).  And thus, if necessary, the issues can be litigated de novo at a future time, when they are properly before the court either by motion or at trial.

<u>CONCLUSION</u>

   For the foregoing reasons, the court adopts the magistrate judge's conclusion that express warranties cannot be disclaimed under the CIOA.  The court declines to adopt the remaining portions of the recommended ruling.  The court sustains the Association's Local Rule 72.2(a) Objection [doc. # 57] in part and holds that the Association has statutory authority to act on behalf of itself and unit owners in actions under the NHWA, and

-22-

with regard to the certified question, the court finds that the Declarant did not effectively disclaim express and implied warranties under either the NHWA or the CIOA.

The parties are directed to resume their mediation efforts and to file a status/progress report with the court by September 30, 2005.

SO ORDERED this 24th day of June, 2005, at Bridgeport, Connecticut.

                                   /s/_____
                                        Alan H. Nevas
                                   United States District Judge